NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

Eastern District of Kentucky
FILED

OCT 1 1 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-184-DLB

MILLARD E. PENNINGTON	PETITIONER

VS.	**MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA	RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

On August 31, 2006, Millard E. Pennington, an individual currently confined at the Federal Prison Camp in Ashland, Kentucky, initiated the instant proceeding in this Court with a *pro se* petition for writ of mandamus. The initiating pleading is now before the Court for screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

BACKGROUND

A word of background is in order. Petitioner Pennington's initial pleading is a self-styled, *pro se* pleading entitled "Defendant's Pro Se Petition for a Writ of Mandamus, Directing the District Court to Issue Certificate of Appealability Regarding 28 USC 2255." In the caption, he has identified the United States as the plaintiff and himself as the defendant, and he has referenced E.D.Ky. Criminal Case No. 03-CR-001-DLB and E.D.Ky. Civil Case No. 05-CR-374-DLB. The former case number is the criminal action in this Court, *United States v. Pennington*, which led to his current incarceration, and the latter is the civil number of his later *pro se* motion to vacate or set aside that criminal judgment, pursuant to 28 U.S.C. §2255, also styled *United States v. Pennington*.

The records in both of the referenced cases show that the Court, the undersigned presiding, adopted the Report and Recommendation of the Magistrate Judge and denied Pennington's §2255

motion on August 16, 2006, on the ground that his motion had been filed after the running of the one-year statute of limitations for §2255 proceedings. The Court also found that an appeal would not be in good faith and that no certificate of appealability would issue.

The records in his criminal case and the §2255 proceeding next show that on September 1, 2006, the United States Court of Appeals for the Sixth Circuit received a pleading entitled like the one herein, "Defendant's Pro Se Petition for a Writ of Mandamus, Directing the District Court to Issue Certificate of Appealability Regarding 28 USC 2255." On September 12, 2006, the Office of the Clerk of the Sixth Circuit sent the document to the Clerk of this Court with a cover letter directing that it be treated as a notice of appeal, under *McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir. 1987), and docketed as if filed in this Court on the September 1st date. The appeal of the §2255 motion is case number 06-6264 in the Sixth Circuit.

Meanwhile, on August 29, 2006, Pennington had put an identical "Defendant's Pro Se Petition for a Writ of Mandamus, Directing the District Court to Issue Certificate of Appealability Regarding 28 USC 2255" into the prison mail system bound for this Court. It arrived on August 31, 2006, and was set up in a new case file as a Petition for Writ of Mandamus pursuant to 28 U.S.C. §1651. Consistent therewith, Pennington is designated as the petitioner herein.

Since this petition was not accompanied by payment of the district court filing fee for a civil action, the Court issued a Deficiency Order on September 12, 2006. In the Order, the Court noted that mandamus relief was requested and pointed out that such a proceeding would require payment of the $350.00 district court filing fee. The prisoner-petitioner was ordered to pay the fee or complete and file supplied forms to seek to proceed *in forma pauperis* within 30 days, or the matter would be dismissed.

2

On October 5, 2006, the petitioner responded to the Court's Order by submitting the documents necessary to apply to proceed herein *in forma pauperis*, including a formal motion and supporting financial information. The motion will be granted by separate Order. The Court now proceeds to examine the initial pleading herein.

### CONTENTS OF THE INSTANT ACTION

The initiating pleading in this case is actually a group of documents. The "Defendant's Pro Se Petition for a Writ of Mandamus, Directing the District Court to Issue Certificate of Appealability Regarding 28 USC 2255" consists of only one page, wherein the petitioner contends that this Court committed error when it refused to issue a Certificate of Appealability ("COA"), as he believes that his entitlement to equitable tolling is debatable among reasonable jurists. This first page is identical to the first page of the pleading which was filed in the Sixth Circuit and is now construed as a notice of appeal in the §2255 proceeding, 05-CV-374-DLB.

In the front page, Pennington further states that he relies on the contents of attached documents. The attachments to the front page herein are also identical to the attachments to the front page in the construed notice of appeal of the 28 U.S.C. §2255 motion. Additionally, they are documents with which this Court is already familiar. The attachments include Pennington's original 24-page *pro se* motion to vacate pursuant to §2255; his response to the government's motion to deny relief and dismiss the §2255 proceeding; and his Objections to the Magistrate Judge's Report and Recommendation.

Thus, it appears that the petitioner is challenging this Court's resolution of the §2255 proceeding on two fronts. Having mailed identical documents to the Sixth Circuit and to this Court, Pennington is seeking relief from the appellate court on appeal, and at the same time, relief from this

3

Court via a new lawsuit, evidently trying to compel a different decision via a petition for writ of mandamus. The collateral attack before this Court will not succeed, however.

## DISCUSSION

28 U.S.C. §1651, the All Writs Act, authorizes this Court to issue a writ of mandamus. The statute provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). However, "[m]andamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978)). *See also Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996).

The Sixth Circuit set out its criteria for issuance of a writ of mandamus in *In re Bendectin Products Liability Litig.*, 749 F.2d 300 (6th Cir. 1984), writing as follows:

(1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired.
(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.)
(3) The district court's order is clearly erroneous as a matter of law.
(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
(5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* at 304. Petitioner Pennington has not met even the first of these requirements.

Further, "'[t]he general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy.'" *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993)

4

(quoting *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979)). Mandamus review "must be confined to matters of usurpation of judicial power or clear abuse of discretion." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 111 (1964)).

"Thus mandamus is not to be used to reverse a decision made by a court in the exercise of legitimate jurisdiction." *Id.* The instant petitioner is seeking to use mandamus to do exactly what is prohibited: to reverse the decision made by this Court in his §2255 proceeding. In order for the writ to issue, however, there must be a demonstrable abuse of discretion or conduct amounting to usurpation of judicial power. *In re Parker*, 49 F.3d at 206. "An error of law, standing alone, is not sufficient to warrant mandamus." *Id.* at 207.

The instant petitioner claims errors of law by this Court, a matter which is before the Sixth Circuit. Pennington's efforts herein fall far short of meeting the above-stated standards for mandamus relief. They are, in fact, repetitive and not wisely chosen. The Court will deny relief again.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

10/11/06

Signed By:
David L. Bunning
United States District Judge